## Chicago, Pekin and Southwestern Railroad Co.

### *v.*

## President and Trustees of Town of Marseilles.

Railway company—*power to purchase shares of its own stock.* Upon a rehearing in this case, the rule as laid down in the original opinion reported in this volume, page 145, is reaffirmed in the following additional opinion:

84  643
130  283
84  643
135  162
84  643
73a 319
84  643
175  137
84  643
88a 321

Per Curiam: On considering the petition heretofore filed, we granted a rehearing to further consider the question, whether the railroad company had the power to contract for and purchase shares of stock of its own company. We have again fully examined the question, and, after considering the arguments and authorities bearing on the question, we will proceed to announce our conclusions thus reached.

The rule is familiar, and is not contested, that such bodies can only exercise such powers as may be conferred by the legislative body creating them, either in express terms or by necessary implication; and the implied powers are presumed to exist to enable such bodies to carry out the express powers granted, and to accomplish the purposes of their creation. Such being the rule, the question arises, whether this corporate body might make such a purchase, or is it outside of, and beyond the limit of its power?

Appellant has referred us to a number of cases in our own court, in which it has been held that such organizations have no power to release subscribers for their stock from paying therefor and from their subscriptions; that, when such subscriptions are intended to be fictitious or the subscribers are released from payment, it operates as a wrong, if not a fraud, on the other subscribers for stock in the same company. But here, the stock had been subscribed, paid for, and certificates thereof issued to, and they were owned and held by, the village at the time this contract was entered into and executed. So, the question is not, whether appellant may release the village from paying for and receiving shares subscribed for, but whether appellant has power to purchase shares of its own stock, paid for, issued to and held by the village.

In the case of *Taylor* v. *Miami Exportation Co.* 6 Ohio, (Hammond's R.) 83, it was held that a banking corporation might lawfully receive shares of its own stock from a solvent debtor in discharge of his indebtedness. The court went further, and held that, where a large number of shares had been issued to enable the holder to vote for certain persons for directors at an approaching election, and, after the holder had

thus voted, the money paid for the shares was returned to him, and he restored the shares to the bank, as there was no loss sustained by the transaction, and the result of the election was not changed, and whilst the court condemned the transaction, it held that equity could afford no relief, as no one had been injured. It was also held in that case that, where the shares of the company were transferred to it in payment of such indebtedness, the corporation might hold and sell it as it did its other property.

In the case of the *City Bank of Columbus* v. *Bruce*, 17 N. Y. 507, it appeared that the board of directors passed a resolution that all stockholders indebted to the bank on stock notes, by a specified day, might pay such debts to the bank in its shares of stock, at a named per cent, and that not far from half of the stock of the bank was thus surrendered; and the court held, there was no ground for questioning the validity of the transaction; that no rule of common law or any provision of the charter forbade it; and the Ohio case is referred to and approved by the court.

In the case of *Williams* v. *The Savage Manufacturing Co.* 3 Md. Ch. R. 452, it was held that banking corporations had the right to take shares of their own stock in pledge or payment of indebtedness to the corporation, and to re-issue the same. On the latter proposition *Ex parte Holmes*, 5 Cow. 426, is referred to by the court in its support.

In the case of *The State* v. *Smith*, 48 Vt. R. 266, it was held, that where a railroad company had purchased 2350 shares of the stock of the company, the stock did not merge, and the legality of the purchase seems to be recognized by the court. And in further support of the rule, see Angell & Ames on Corp. sec. 280, where it is said it is one of the corporate powers that may be legally exercised.

If, then, as in the cases above referred to, a bank may purchase and hold its own shares, no reason is perceived why a railroad corporation may not do the same thing, and the case of *The State* v. *Smith, supra*, was, the purchase of stock by a railroad company, and of shares of its own stock. These au-

thorities, we think, fully recognize the power of the directors of a company, when not prohibited by their charter, to purchase shares of stock of their company. It falls within the scope of the power of the directors to manage and control the affairs and property of the company for the best interests of the stockholders, and when they have thus acted, we will presume, until the contrary is shown, that the purchase was for legitimate and authorized purposes.

If it were shown that the purchase was made to promote the interests of the officers of the company alone, and not the stockholders generally, or if for the benefit of a portion of the stockholders and not all, or for the injury of all or only a portion of them, or if it operated to the injury of creditors, or would defeat the end for which the body was created, or if it was done for any other fraudulent purpose, then chancery could interfere. In such case, *Melvin* v. *The Lamar Ins. Co.* 80 Ill. 446, and other cases in chancery referred to in appellant's brief, would apply, but the defense can not be made at law. The case of *Belford Railroad Co.* v. *Bower*, 48 Pa. St. R. 29, was in a court where there is no distinction between actions at law and suits in equity, and we presume the defense was allowed by the application of equitable principles, and the cases in the British courts which seem to bear on the question were in equity. Whatever may be the rights of stockholders, or creditors, if there are any, relief can only be had in equity, and by a stockholder or other *cestui que trust*.

The judgment of the court below will, therefore, be affirmed.

*Judgment affirmed.*