## CANUTE R. MATSON AND ANDREW P. JOHNSON, EXECUTORS,

### v.

## WINFIELD N. ALLEY.

*Corporations—Insolvency—Claim on Notes of.*

1. Where a corporation is solvent an agent or officer thereof may deal with it, it being represented in the transaction by other agents.

2. Unpaid stock liabilities are assets, and though a corporation may have no tangible property, it can not be said to be insolvent, where the sum remaining unpaid and liable to call on its stock, held by solvent stockholders, exceeds the amount of its debts.

3. It can not be contended, in a claim upon promissory notes given by a corporation, that its officers were without authority to execute them, where there is no attempt to execute the power of attorney purporting to authorize a confession of judgment thereon against the corporation, it being authorized to execute ordinary notes.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. JESSE HOLDOM, for appellants.

Messrs. RICH & STONE and RANDALL W. BURNS, for appellee.

MORAN, P. J.  A bill was filed to wind up the Superior

Matson v. Alley.

Nickel Works, and a receiver was appointed and proof made by creditors of their claims against the corporation.

Among others, appellee presented a claim which was allowed by the Circuit Court for the sum of $1,201.96 against the recommendation of the master. From the order allowing the claim, appellants, whose testator was a stockholder in the corporation and liable for contribution for the payment of debts, prosecute this appeal. The claim is based on two promissory notes executed by the corporation by its president and secretary, and delivered to one Ellickson, who was at the time of the delivery of said notes, manager of said corporation.

It is contended that the notes, being judgment notes, were executed by the officers of the corporation without authority, and that they were delivered without consideration.

The first objection is without force, for the reason that there has been no attempt to execute the power of attorney purporting to authorize a confession of judgment against the corporation. There is no doubt as to the power of the officers to execute an ordinary promissory note for the debt of the company, and the notes in question are used only as such.

As to the second point, it is shown that Ellickson was the owner of certain goods and machinery which had belonged to the Superior Hardware Company, and which, after he became an officer of the Superior Nickel Works, he sold and delivered to said last named corporation, the president and other officers of the corporation acting for it in the matter, and agreeing to pay to Ellickson for the said goods $1,070, for which amount the said notes were executed.

There is no evidence which warrants the inference of any fraud in the transaction on the part of said Ellickson or of the officers of the corporation who acted for it in making the purchase.

Where the corporation is solvent an agent or officer of the same may deal with it where it is represented in the transaction by other agents.

It is contended that the corporation was insolvent at the time of this transaction, but the evidence shows the con-

trary. Unpaid stock liabilities are assets, and though a corporation may have no tangible property, it can not be said to be insolvent, where the sum remaining unpaid and liable to call on its stock, held by solvent stockholders, exceeds the amount of its debts.

But if this were otherwise, it could not affect the result in this case. The notes were given for a valuable consideration, and were indorsed for value before due, by the payee, to a person who received them without notice of any equities of the corporation, and by him indorsed to the appellee, who paid value for them. The evidence and the law warrant the action of the Circuit Court in allowing the claim for the amount of said notes and interest, and the judgment will therefore be affirmed.

*Judgment affirmed.*