WORLD'S FAIR EXCURSION AND TRANSPORT. BOAT CO.

*v.*

F. E. GASCH.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. APPEALS AND ERRORS—*objections in garnishee proceedings deemed waived if not stated.* In a proceeding in garnishment by a creditor of a corporation against a stockholder to reach money due the corporation on an unpaid subscription to stock, all objections to the sufficiency and regularity of the proceedings not stated in the defendant's answer will be deemed waived on appeal.

2. SAME—*objection that interrogatories in garnishment were not filed in time—waiver.* The objection that interrogatories were not filed within the time allowed by law in garnishment proceedings against a stockholder in a corporation for a debt of the company is not available on appeal, where the interrogatories were on file and defendant was ruled to answer them, and there was no motion to strike them from the files.

3. GARNISHMENT—*against stockholder of corporation—no affidavit required.* No affidavit is required in garnishee proceedings instituted against a stockholder of a corporation at the time of commencing the suit against the corporation under section 8, chapter 32, of the Revised Statutes, making each stockholder liable for the debts to the amount unpaid upon his stock, to be collected as in cases of garnishment, although an affidavit is required in garnishment after judgment and execution.

4. CORPORATIONS—*cannot relieve stockholder on payment of part, only, of subscription.* An original subscriber to the stock of a corporation is not relieved from his liability as to the balance of his subscription by the receipt by the corporation of a portion thereof in full satisfaction, without a new consideration to support the agreement by which a less sum was received in full.

*Gasch v. World's Fair Excursion, etc. Co.* 59 Ill. App. 391, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

J. KENT GREEN, for appellant:

Parties are presumed to know of every step taken or paper filed in a cause. *Schneider* v. *Seibert,* 50 Ill. 284.

Objections not made in the court below will be considered waived. *McCarthy* v. *Neu,* 91 Ill. 127; *Railroad Co.* v. *Chester,* 62 id. 235; *Wickenkamp* v. *Wickenkamp,* 77 id. 92.

The court said that though a return of *nulla bona* was made a prerequisite to the issuing of notice of garnishment, still the failure to make such a return was an irregularity that might be waived. *Cruikshank* v. *Cogswell,* 26 Ill. 366; *Center* v. *Gibney,* 71 id. 557; *Stevens* v. *Dillman,* 86 id. 233; *Truitt* v. *Griffin,* 61 id. 26; *Clifford* v. *Eagle,* 35 id. 444; *Tisdale* v. *Minonk,* 46 id. 9; *Evans* v. *Bouton,* 85 id. 579.

The affidavit filed on October 11 was unnecessary, as section 8 of chapter 32 makes no provision therefor. *Evans* v.*Bouton,* 85 Ill. 581.

It being impossible to comply strictly with either chapter 11 or 62, it is reasonable to say that those chapters should give way *pro tanto,* dispensing with the affidavit. 23 Am. & Eng. Ency. of Law, 430, 479; *Kepley* v. *People,* 123 Ill. 367; *Culver* v. *Bank,* 64 id. 528; *Devine* v. *Board of Comrs.* 84 id. 590.

The liability of stockholders for unpaid subscriptions is contractual, wherefore statutes imposing such liability should receive a liberal construction. 23 Am. & Eng. Ency. of Law, 869, 870; *Gauch* v. *Harrison,* 12 Ill. App. 457.

Pleading over after demurrer overruled waives all objections to former proceedings, and the pleader cannot assign error in regard to any ruling thereon. *Harmon* v. *Thornton,* 2 Scam. 352; *Snyder* v. *Gaither,* 3 id. 91; *Vanderbilt* v. *Johnson,* id. 48; *Barnes* v. *Brookman,* 107 Ill. 317.

Creditors may recover in garnishment proceedings against a stockholder, even where the corporation has no right of action against such stockholder. *Telegraph Co.* v. *Gray,* 122 Ill. 630.

A contractual relation exists between the creditor and stockholder. 23 Am. & Eng. Ency. of Law, 870; *Eames* v. *Doris,* 102 Ill. 350; *Schalucky* v. *Field,* 124 id. 621; Morawetz on Private Corp. sec. 872.

KRAFT, WILLIAMS & KRAFT, for appellee:

If the plaintiff fails to put in issue the garnishee's answer, but asks for judgment thereon, (as was the fact in this case,) the garnishee is entitled to be discharged unless his answer clearly charges him. *People* v. *Johnson*, 14 Ill. 342; *Kergin* v. *Dawson*, 1 Gilm. 86; *Railroad Co.* v. *Killenberg*, 82 Ill. 296; *Pierce* v. *Carleton*, 12 id. 358.

It is the right of the garnishee to inquire into the propriety of the judgment against his debtor upon which he is garnisheed, and if no valid judgment was rendered against the judgment debtor none can be given against the garnishee. *Pierce* v. *Wade*, 19 Ill. App. 185; *Pierce* v. *Carleton*, 12 Ill. 358 ; *Chanute* v. *Martin*, 25 id. 49 ; *Cariker* v. *Anderson*, 27 id. 358.

The affidavits cannot be filed after suit has been commenced. *Gibbon* v. *Bryan*, 3 Ill. App. 298; *Schaumtoeffel* v. *Belm*, 77 Ill. 567; *Willer* v. *French*, 27 Ill. App. 76; *Burns* v. *Nash*, 23 id. 552 ; *Stolberg* v. *Ohnmacht*, 50 Ill. 442 ; *Evans* v. *Bouton*, 85 id. 579 ; *Bartell* v. *Bauman*, 12 Ill. App. 450; *Abbott* v. *Kruse*, 37 id. 549.

The affidavit should be the foundation, and precede any proceedings against appellant as garnishee. It is jurisdictional and cannot be filed after suit is commenced, even pursuant to leave of court, as was done in this case. *Stolberg* v. *Ohnmacht*, 50 Ill. 442; *Evans* v. *Bouton*, 85 id. 579.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Judgment was recovered in this proceeding in the circuit court of Cook county against appellee, as garnishee, for an alleged balance due from him as a stockholder of the World's Fair Excursion and Transportation Boat Company, upon stock of that corporation held by him. The Appellate Court reversed the judgment without remanding the cause, and granted a certificate of importance, in pursuance of which the case is brought to this court.

The suit was brought under section 8 of the act con-cerning corporations for pecuniary profit.  Gustav A. Fehr, on June 22, 1893, commenced suit in assumpsit against the corporation, and at the same time, by his *præcipe*, directed the clerk to issue a summons as in case of garnishment, against appellee and others, stockhold-ers in said corporation, under said section of the statute. The garnishee summons was issued and served, and judg-ment was entered in the suit in assumpsit July 26, 1893, for $327.45 and costs.  Interrogatories were filed August 11, 1893.  Execution was issued against the corporation, and returned *nulla bona* November 7, 1893.  Appellee fail-ing to answer the interrogatories, a conditional judgment was entered against him August 26, 1893.  On October 11, 1894, by leave of court, an affidavit was filed by Gustav A. Fehr, setting forth the existence of the corporation, the indebtedness to him, the insolvency of the corpora-tion, and that appellee and others were owners of capital stock on which there was a balance unpaid.  This affida-vit was filed as an amendment to the proceedings, and the garnishees were ruled to answer upon the amended proceedings and interrogatories theretofore filed, within twenty days.  Appellee again failed to answer the inter-rogatories within the rule, and another conditional judg-ment was entered.  A *scire facias* having been issued and served, appellee and another of the garnishees appeared and filed a general demurrer to "the declaration and rec-ord of said cause and the matters and things therein con-tained."  This was overruled, and the garnishees were required to answer within ten days.  On December 15, 1894, appellee appeared with the other garnishee, and showed cause why the conditional judgment should not be made final, as follows:

"(1) Because this court is without jurisdiction of the subject matter as to these respondents, by reason of the non-compliance by the plaintiff of the requirements of section 8 of chapter 32 of the Revised Statutes of Illi-

nois, entitled 'An act concerning corporations,' under the provisions of which section plaintiff claims the right to proceed against these respondents. (2) Because the interrogatories which plaintiff seeks to require these respondents to answer were not filed within the time by law allowed, and therefore these respondents are not bound to answer same. (3) Because, at the time of the service of process herein, each of these respondents were respectively the owners of five shares of the capital stock of the said plaintiff corporation, each of which shares of stock was of the par value of $100, and for which shares of capital stock these respondents were respectively original subscribers, and these respondents had, by agreement entered into with the said corporation, each paid to the corporation, in full payment and satisfaction for each and all of their five shares of stock, the sum of two hundred and fifty dollars ($250) each, and that after the payment of the sums of $250 by each of these respondents there remained nothing due or unpaid to the said corporation for the said shares of stock of these respondents. (4) Because neither of these respondents, nor any person for either of them, at no time prior to the services of process herein, ever held nor transferred any capital stock other than that above referred to."

Various objections are made to the sufficiency and regularity of the proceedings, but we shall only consider those stated in appellee's answer, as we regard others as having been waived. So far as the record shows, nothing else was brought to the attention of the circuit court, and the statement of specific objections to the proceedings and entry of judgment must be regarded as a waiver of other objections, if there were any which might have been made.

The first objection so specified was non-compliance with the requirements of section 8, and under this objection it is urged that an affidavit should have been filed when the suit in assumpsit was commenced, substantially

as·provided in the act in regard to garnishment after judgment and execution, showing that the corporation had no property within the knowledge of affiant, and that the garnishees were indebted to it, etc. It is claimed that such an affidavit was a prerequisite to the issuing of process, and that the filing of such an affidavit subsequently, even pursuant to leave of court, did not give the court jurisdiction. It is also argued that the statute does not authorize the commencement of a proceeding against the stockholders at the time when the original suit is instituted against the corporation. These objections will be considered together.

Section 8 above referred to provides, among other things, as follows: "Each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided.   *   *   *   Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders upon the stock owned by them, respectively, whether called in or not, as in cases of garnishment." The statute plainly provides for proceeding against stockholders as in cases of garnishment when the action is brought against the corporation. In *Coalfield Co. use, etc.* v. *Peck*, 98 Ill. 139, a proceeding had been instituted under section 8, after judgment and execution, and it was insisted that the only garnishee proceeding meant by the statute was that of garnishment as in original attachment. It was there said that there were two modes known to our law by which, through garnishment, a debt owing by another to a judgment debtor might be reached and made subject by the judgment creditor to the payment of his judgment, one of which was provided for in the Attachment act and the other in the act in regard to garnishment, where there had been a judgment obtained

and execution returned *nulla bona.*    The words "as in cases of garnishment" were construed to have reference to both of these acts, and it was said (p. 142): "We think the intention was to give the remedy full and ample as in cases of garnishment, and that the reasonable and true construction is that the remedy is given to the full extent, as recognized in any case of garnishment known to our law."    The proceeding may therefore be either concurrent with the original suit, as in cases of attachment, or subsequent thereto, after judgment and execution.    In cases where garnishee proceedings are instituted at the time of commencing the suit against the corporation no affidavit is required as to the garnishee, and the provision in the Garnishment act for such an affidavit as is required after judgment and execution has no application whatever.    It is not required, in summoning garnishees in cases of attachment, that an affidavit shall be filed against them.    As this proceeding was instituted as a case in garnishment under that act no affidavit was required.    The statute does not make it a condition, in such case, of issuing garnishee process that the corporation shall be insolvent or that there shall be any evidence of such a condition.

The second objection was, that interrogatories were not filed within the time allowed by law.    The interrogatories were on file and appellee was ruled by the court to answer them, and by such rule they were treated as being properly on file.    There was no motion to strike them from the files, and they could be filed within such a time as the court should allow.    That matter was in the discretion of the court, and the objection is not now of any avail.

By the third paragraph appellee answered that he was the owner of five shares of the capital stock of the corporation, of the par value of $100 each, for which he was an original subscriber; that at the time of the service of process he had, by agreement entered into with the

corporation, paid to it, in full payment and satisfaction for each and all of his five shares of stock, the sum of $250, and that after such payment there remained nothing due or unpaid to the corporation for said shares of stock. It is insisted that the facts so stated relieved appellee from the liability created by the statute. But even if an agreement with the corporation that shares shall be deemed fully paid when in fact they have not been so paid is valid against the creditor if valid against the corporation, the answer in this case could not be deemed a sufficient plea to a suit by the corporation itself. Appellee stated that he was an original subscriber for five shares of stock, of the par value of $100 each, which amounted to $500. When in his answer he set up a payment he was bound to show a legal payment or satisfaction. This he did not show by alleging the payment of one-half of the debt and its acceptance for the whole without any other consideration. The answer does not set up the purchase of the shares originally at any less than the par value, or any agreement at that time or any consideration for the agreement alleged, but only that at some time before the service of process appellee had settled his liability by paying half the amount. There being no new consideration to support the agreement, a payment of a part was no satisfaction of the whole, even though the corporation agreed to receive it in full payment and satisfaction for the stock. (*Curtiss* v. *Martin,* 20 Ill. 557; *Zirkel* v. *Joliet Opera House Co.* 79 id. 334; *Morrill* v. *Baggott,* 157 id. 240.) On this answer we think that the circuit court properly entered judgment against appellee.

The judgment of the Appellate Court will be reversed and the judgment of the circuit court affirmed.

*Judgment reversed.*