| 73 | 313 |
| 90 | 93 |

Margaret Allan Pullman v. Railway Equipment Co., for use, etc.; William C. Pullman v. Same.

1. GARNISHMENT—*Garnishing Creditor has no Greater Right Than Debtor.* A garnishing creditor can have no greater rights against the garnishee than his debtor, and where the debtor can not maintain an action at law against the garnishee the creditor can not do so.

2. CORPORATIONS—*Liability of Purchaser of Stock at Less Than Par.*— If stock issued by a corporation has been once fully paid for the corporation, and subsequently passes to the corporation by purchase the fact that it is then sold at less than par does not make the purchaser liable to creditors of the corporation.

3. SAME—*For Unpaid Balance on Stock of a Corporation Where Receipt in Full is Given.*—Garnishment. proceedings will not lie on the part of creditors of a corporation to recover an unpaid balance on shares of stock where the amount received as payment in full was much less than the face value thereof. The remedy of a creditor in such a case is in equity to set aside the contract of sale.

Garnishment, against stockholders of a corporation by creditors. Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 27, 1898.

McMURDY & JOB, attorneys for plaintiff in error. WILLIAM E. CHURCH, of counsel.

In garnishment proceedings a judgment creditor has no further or greater rights than the debtor against the debtors of the latter.

The only ground upon which a stockholder can be held liable under the statute at least in a garnishment proceeding, is the fact that some portion of the original subscription price of his stock remains unpaid. Thebus v. Smiley, 110 Ill. 316; Alling v. Wenzel, 133 Ill. 264.

The burden was on the defendant in error to prove affirmatively every fact necessary to charge the plaintiff in error as garnishee, and the record is utterly devoid of proof either that she was an original subscriber or that any portion of the subscription price of the stock held by her remained unpaid.

It is a well settled rule in this State that a corporation may, where the transaction is free from fraud, purchase shares of its own capital stock and resell it at the market value and need not hold it for the par value thereof. Cook on Stocks and Stockholders, Sections 282, 311 and 314; Chicago, Pekin & S. W. R'y Co. v. President and Trustees of the Town of Marseilles, 84 Ill. 643; Clapp v. Peterson, 104 Ill. 26; Republic Life Insurance Co. v. Swigert, 135 Ill. 150; Fraser v. Ritchie, 8 Ill. App. 554.

CHAS. H. RIPLEY and GILBERT & GILBERT, attorneys for defendants in error.

Remedy by garnishment is given by statute to collect unpaid balance by stockholders upon the stock owned by them respectively, whether called in or not. Starr & Curtis' Annotated Statutes (2 Ed.), p. 999; Section 8, Chapter 32, Corporations; Robertson v. Noeninger, 20 Ill. App. 227; Meintz v. East St. Louis, etc., Co., 89 Ill. 48; Coalfield Co. v. Peck, 98 Ill. 139.

In order to constitute plaintiff in error, William C. Pullman, a stockholder, it was not necessary that he should have had any certificate of stock; although the record shows a certificate was issued to him or in his name for fifty shares. Corwith et al. v. Culver, 69 Ill. 502; Spear v. Crawford, 14 Wend. 20; Chaffin v. Cummings, 37 Me. 83.

The records of the company bind shareholders, and are admissible against them in suits to enforce their personal liability to creditors. Culver v. Third Nat. Bank of Chicago, 64 Ill. 528.

A director and vice-president is chargeable with knowledge of what is on the corporate records. Directors' Minute Book is evidence against director. First Nat. Bank v. Tisdale, 84 N. Y. 655; Allison v. Coal, etc., Co., 9 S. W. Rep. 226.

A subscriber to the stock of a corporation is not relieved from his liability as to the balance of his subscription by the receipt by the corporation of a portion thereof in full satisfaction, without a new consideration to support the agreement by which a less sum was received in full, and any device by which the members of a corporation seek to avoid liability for the full value of their stocks such as an agreement that the stock shall be fully paid up is void as to the creditors of the corporation. World's Fair Excursion & T. B.

Co. v. Gasch, 162 Ill. 402; Coleman, Ex'r, et al. v. Howe et al., 154 Ill. 458; Union Mutual Life Ins. Co. v. Frear Stone Mfg. Co. et al., 97 Ill. 537.

Stock liability is a collateral security for the benefit of creditors and neither a receiver or an assignee in bankruptcy nor an assignee under a voluntary assignment for the benefit of creditors require any rights to enforce a collateral obligation given to a creditor or a body of creditors by a third person for the payment of dues of insolvent. Jacobson v. Allen, 12 Fed. Rep. 454; International T. Co. v. Am. Loan & Trust Co., 65 N. W. Rep. 78.

In a general assignment for the benefit of creditors, the assignee is not a representative of the creditors but the agent of the assignor for the distribution of the property assigned and is confined to the same, and he has no greater rights than the assignor. Lund et al. v. The Skanes Enskilda Bank, 96 Ill. 181; Bouton v. Dement et al., 123 Ill. 142.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT .

The users herein, having recovered judgments against the Railway Equipment Company, garnishment suits were brought against plaintiffs in error and others, based on said judgments. These suits were consolidated, and on a trial before the court, without a jury, there were findings of $2,500 and $250, respectively, against plaintiffs in error, William C. Pullman and Margaret Allan Pullman, on which judgments were entered, from which these writs of error were sued out. The causes were heard in this court as one case, on the same record abstracts and briefs in each case. Divers errors are assigned, but the only question which we think necessary to be considered is whether, under the

facts disclosed by the record, garnishment can be maintained.

The capital stock of the Railway Equipment Co., which was organized in May, 1892, was $100,000, and consisted of $1,000 shares of the par value of $100 each. Plaintiffs in error were not original subscribers for any of said stock, but purchased fifty-five shares from the company *direct*, from what is called by the witnesses, "treasury stock," held by the company, but just how does not further appear; five shares being purchased for Margaret Allan Pullman by her husband, William C. Pullman, her agent, and issued to her, and fifty shares being purchased by William C. Pullman, for himself, but never issued to him. The agreement between the company and the Pullmans at the time this stock was purchased, was that the stock should be issued full paid and nonassessable, for fifty cents on the dollar of its par value. Mrs. Pullman's stock was so issued to her, and she paid thereon $250, and Mr. Pullman paid to the company about $2,100, and $400 to a Mr. Erby, who purchased the accounts of the company at assignee's sale of the company's assets.

It appears from the minute book of the company, that on March 23, 1893, there had been paid, upon the capital stock of the company issued to the stockholder, the sum of fifty per cent only of its par value, and that an assessment was ordered of fifty per cent, the unpaid balance. This assessment was, however, subsequently rescinded, and the record shows also that $15,000 of its stock was paid for by a stock of goods purchased by the company, and $7,500 by services rendered. The company made a general assignment for the benefit of its creditors in January, 1894, and one Fairbanks was appointed assignee by the County Court of Cook County. The assignee did not include in his inventor any stock liability to the

company. The balance of the company's assets, including all outstanding accounts of the company, and all claims of every name and nature not collected, were sold, and an assignment given to a Mr. Erby by the assignee, under the order of the County Court, but the stock liability was not specially mentioned in the sale, or described in the assignment to Erby.

William C. Pullman was elected a director of the company on October 24, 1892, and vice-president on November 12, 1892.

If the Railway Equipment Company could not maintain an action at law against the Pullmans for the balance unpaid by them on the stock in question, then an action of garnishment will not lie in these cases. That the garnishing creditor can have no greater rights against the garnishee than his debtor, except as specially provided for by statute, is fully established by the following authorities: Sangamon, etc., Co. v. Richardson, 33 Ill. App. 280; Gregg v. Savage, 51 Ill. App. 281; Buxbaum v. Dunham, Id. 240; Capes v. Burgess, 135 Ill. 61; World's Fair Ex. & T. B. Co. v. Gasch, 162 Ill. 402.

Section 8, Chapter 32 of our statute regarding corporations, evidently has reference to the balance due on the original subscription price of stock. This section makes the stockholders liable for the debts of the corporation, to the extent of the amount *that may be unpaid upon the stock held by him,* and provides for an action by the creditor "for the balance unpaid, whether called in or not, as in cases of garnishment."

The Supreme Court in Thebus v. Smiley, 110 Ill. 316, in passing upon the liability of a stockholder who was liable, whether assignor or assignee, for debts of a bank, under its charter, to an amount equal to the stock held by him, held that the liability related to the first holder when the corporation was organized, and

when it was once discharged by him, or any subsequent holder of the stock, then the stock passed to any other holder discharged of this burden.

In Alling v. Wenzel, 133 Ill. 273, where certain purchasers of "treasury stock" from the corporation, knew that the corporation had not previously sold the stock and received its par value either in cash or its equivalent, but that it had before issue been simply transferred to the company on its books, they were held liable, *on a bill filed by the creditors*, to the extent that they did not pay to the corporation the face value of the stock, but the court in construing Section 8 of the Corporation Act, approved the Thebus case, *supra*, and said that the liability of the stockholder was for his unpaid stock to the extent it was unpaid. It will be observed that this was not a case of surrender of stock to the corporation in good faith, or of purchase by the corporation of its own stock, and a resale.

The only cases called to our attention, in which a stockholder has been held liable in garnishment for the debts of the corporation, have been cases where there was a liability on the original subscription price of the stock.

It will not and can not be questioned that if the stock purchased by the Pullmans had been once fully paid for to the corporation, and it subsequently passed to the corporation by purchase, then there would be no liability on the part of the Pullmans. Cook on Stockholders, Secs. 282, 311 and 314; Chicago P., & S. W. R. R. Co. v. Marseilles, 84 Ill. 643; Republic Life Ins. Co. v. Swigert, 135 Ill. 150; Coleman v. Howe, 154 Ill. 472.

There is no evidence in the record that the Pullmans' stock was not part of the stock paid for by the goods or by services. It being incumbent on defendants in error to show the liability of the Pullmans, they

should have shown that the Pullmans' stock had never been issued by the company. If it was once paid for, then there was no liability of the Pullmans to the corporation, no debt due under their contract, and the action of garnishment would not, therefore, lie, because nothing was due from the Pullmans to the company.

But if it be said that this stock had never been issued, and therefore William C. Pullman, being a director of the company, and being chargeable with knowledge of the fact, his contract to buy at fifty cents on the dollar of the par value of the stock, was fraudulent as to creditors (as is the case in equity), still the contract is binding on the Railway Equipment Company in a garnishment suit. The only remedy of the creditor would be in equity to set aside the contract between the Pullmans and the company as to him. Sangamon, etc., Co. v. Richardson, 33 Ill. App. 277; Bouton v. Dement, 123 Ill. 142.

And if there was a liability under the evidence in this record of the Pullmans to the Railway Equipment Company, for a balance of fifty cents on the dollar of their stock, then that liability, as some of the authorities hold, was an asset of the company, and passed to the assignee under the general assignment for the benefit of creditors, and an action could only be maintained in the name of the assignee. 6 Thompson on Corporations, Sec. 6469; Matson v. Alley, 41 Ill. App. 72; Farber v. National F. & I. Co., 50 Id. 503; Lane v. Nickerson, 99 Ill. 284.

It is, however, unnecessary to hold, and we do not hold, that the stock liability of the Pullmans, if any, passed to the assignee. What we have said disposes of the case, including the questions made regarding the propositions of law refused by the trial court.

The judgments of the Superior Court are reversed and the causes remanded.