The Supreme Sitting Order of the Iron Hall

*v.*

James H. Grigsby.

178   57
90a ³ 93

*Opinion filed February 17, 1899.*

1. Corporations—*right of foreign corporation to collect money in Illinois.* A foreign corporation cannot collect money in Illinois unless it has complied with the laws of this State prescribing the terms upon which it may transact business.

2. Same—*ownership of money paid to local treasurer of foreign corporation not authorized to act in Illinois.* Money paid by the members of a local branch of a foreign insurance order to the local treasurer, which remains in his possession, is the property of the members of the local branch as individuals, where the head lodge has no authority to transact business in Illinois.

3. Garnishment—*when a creditor of a foreign insurance order cannot garnish local treasurer.* A judgment creditor of a foreign insurance order cannot maintain garnishment against the treasurer of a local branch of the order in Illinois where the order has no authority to transact business in Illinois, as the latter cannot maintain an action in its own name against the garnishee.

4. Same—*garnishment laws apply to corporations.* The rule limiting a garnisheeing creditor's right of recovery to cases where the principal debtor could recover in his own name in an appropriate action, applies whether the debtor is a corporation or an individual.

*Supreme Sitting Order Iron Hall* v. *Grigsby,* 78 Ill. App. 300, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the County Court of McDonough county; the Hon. C. F. Wheat, Judge, presiding.

Henry C. Sumpter brought an action of attachment in the county court of McDonough county against the Supreme Sitting Order of the Iron Hall, a corporation organized in Indiana under the laws of that State. James H. Grigsby, the appellee, was summoned as garnishee. The object of the corporation, as disclosed by the record, was to create a benefit fund, from which its members should receive a benefit in sums not exceeding $1000, to be paid as provided in the by-laws or in the certificate

of membership. The plaintiff and the appellee, the garnishee, were residents of McDonough county, Illinois. They and a number of other persons formed themselves into what was called Local Branch No. 208, located in McDonough county. This local branch never became incorporated. Appellee was its cashier. Sumpter held a certificate of membership, which provides that in case a member shall continue to pay all assessments and demands made for the full term of seven years from its date, and maintain himself in good standing in the order, he shall then be entitled to a sum not exceeding $1000, less the amount which he has already received as benefits on account of sickness or other disability. The corporation became insolvent, and a receiver was appointed therefor August 18, 1892, by a court in Indiana, and the corporation has remained insolvent ever since. At the time of the appointment of the receiver appellee had $681.94, which was in his hands as cashier of said local branch. Sumpter obtained judgment against the corporation in attachment for $700 upon his certificate of membership in the county court of McDonough county.

Appellee, who had been summoned as garnishee, answered under oath the interrogatories filed, denying that he had any money, property or effects of any kind in his possession belonging to the defendant corporation. He admitted he had in his hands the above named sum of money, but claimed that the same was not subject to garnishment because the defendant corporation was engaged in the business of insurance in taking risks and insuring the lives of its members and was not authorized to transact business in the State of Illinois, and has never been so authorized, and could not maintain a suit herein on account of its failure to comply with the laws of this State with reference to foreign insurance companies. He further averred, among other things, that certain members of the local branch, on the first day of September, 1892, filed their bill in chancery in the circuit court of

McDonough county against said corporation and said garnishee; that summons was issued and served upon the garnishee; that the bill alleged that the complainants were co-partners, and that the money in the hands of the garnishee belonged to them as such; that the bill prayed that the partnership be dissolved, the money divided between the members, a receiver appointed, etc.; that said bill is still pending and undetermined.

Issue was joined upon the answer, and the cause was tried by the court, a jury having been waived. The court found the issues for the defendant, and on appeal to the Appellate Court the judgment was affirmed.

H. C. Agnew, for appellant:

The laws relating to attachments should be liberally construed. *Railroad Co.* v. *Crane*, 102 Ill. 249.

The word "person," in the Attachment act, extends to and includes corporations. *Railroad Co.* v. *Keep*, 22 Ill. 9.

A foreign corporation having property in this State is a non-resident debtor. *Railroad Co.* v. *Keep*, 22 Ill. 9.

A debt due in another State may be attached in Illinois where the garnishee is a resident of this State. *Pomeroy* v. *Rand, McNally & Co.* 157 Ill. 176.

A foreign corporation doing business in this State is liable to garnishment. *Railroad Co.* v. *Crane*, 102 Ill. 249; *Henderson & Co.* v. *Schaas*, 35 Ill. App. 155.

An insurance company is liable to a resident of Illinois upon its contracts, though not authorized to do business herein. *Insurance Co.* v. *Rust*, 40 Ill. App. 119; 141 Ill. 85.

The garnishee method of collecting judgment is only a statutory mode of obtaining execution. *Bear* v. *Hays*, 36 Ill. 280; *Railroad Co.* v. *Keohane*, 31 id. 144.

The proceeding is only an incident in the collection of the original judgment. *Nesbitt* v. *Dickover*, 22 Ill. App. 140.

The garnishee is not considered a party to the suit. Anderson's Law Dic. 486; *Kidderlin* v. *Meyer*, 2 Miles, 242; *Robertson* v. *Beall*, 10 Md. 125.

SHERMAN & TUNNICLIFFS, for appellee:

Where a bill of exceptions fails to show that it contains all the evidence, it will be presumed that other testimony was heard and that the evidence before the court was sufficient to authorize the judgment. *Henry* v. *Halloway*, 78 Ill. 356; *Fuller* v. *Bates*, 6 Ill. App. 442.

Foreign companies, before doing business in this State, must appoint an attorney for service. 2 Starr & Curtis' Stat. chap. 73, par. 185.

The garnishee must not only have actual possession of the defendant's goods, but there must be, except in cases of fraudulent disposition of property, privity between him and the defendant, both of contract and of interest, by which the defendant would have a right of action or an equitable claim against the garnishee to recover the property for his own use. Drake on Attachment, secs. 485, 541.

The garnishee is not liable unless legally indebted to the defendant. Drake on Attachment, sec. 547.

The choses in action or credit in the hands of the garnishee belonging to the debtor must be due and owing to him, and must be of a legal and not equitable character. *Webster* v. *Steele*, 75 Ill. 544.

No recovery can be had for the benefit of a garnishing creditor unless his debtor could have maintained in his own name an action of debt or assumpsit against the garnishee. *Lorenson* v. *Rusk*, 67 Ill. App. 532; *Sangamon Coal Co.* v. *Richardson*, 33 id. 277; *Capes* v. *Burgess*, 135 Ill. 61.

A garnishing creditor can have no greater right to recover from the garnishee than the debtor has. *Webster* v. *Steele*, 75 Ill. 544; *Bank* v. *Kirkwood*, 68 Ill. App. 116; *Richardson* v. *Lester*, 83 Ill. 55.

Mr. JUSTICE CRAIG delivered the opinion of the court:

From the facts appearing in the record it is clear that the Supreme Sitting Order of the Iron Hall falls within what was determined an insurance company in *Rockhold*

v. *Canton Masonic Benevolent Society*, 129 Ill. 440. The company was organized in the State of Indiana under the laws of that State, and never having complied with the laws of this State authorizing it to do business here it could not lawfully transact business in this State. Indeed, it is not claimed that the company had authority to do business in this State, as is shown by a provision in the stipulation of facts upon which the case was tried, as follows: "That the said corporation is not authorized, under the provisions of the laws of the State of Illinois, to transact the business for which the same was organized, in the State of Illinois, and has never been so authorized; that at the time said sum of money came to the hands of the garnishee he did not know that said corporation had not complied with the statute of this State and was not authorized to transact business herein, but, on the contrary, presumed that all proper steps had been taken by said corporation to permit it to legally transact business in this State."

As has been seen, the appellee, the plaintiff, Henry C. Sumpter, and several other persons, residents of McDonough county, formed themselves into what was called Local Branch No. 208, and appellee was selected as its cashier. In his capacity as cashier there came into his hands from his associates in the local branch $681.94,—the money involved in this proceeding,—and the first question to be determined is whether this fund belonged to the Indiana corporation, and had that company the right to collect it from appellee, who had received it from his associates.

The right of the Indiana corporation to collect the money rests upon its right to transact business in this State, and as it had no such power it could not collect the money. The Indiana corporation had no control or supervision over the local branch, so called, or any of its members, and was not entitled to any fund which was raised or paid over as dues or assessments by the per-

sons who were members of the local branch. Whatever money was raised by the local branch and paid into the hands of appellee belonged to the members of the branch as individuals. If, then, the fund in question did not belong to the Indiana corporation, upon what ground can it be claimed or recovered by Sumpter, a garnisheeing creditor of that corporation? The law is well settled in this State that in garnishment proceedings the creditor can only recover such indebtedness as can be recovered in an appropriate action in the name of the attachment or judgment debtor against the garnishee. (*Webster* v. *Steele,* 75 Ill. 544; *Richardson* v. *Lester,* 83 id. 55; *Capes* v. *Burgess,* 135 id. 61; Drake on Attachment, sec. 485, 541, 547.) Here, as we have seen, no right of recovery existed in favor of the Indiana corporation, the judgment debtor, and under the rule laid down in the authorities cited, no recovery could be had by Sumpter, the creditor of the corporation.

It is, however, suggested in the argument that there is no rule of law which will prevent appellant from recovering in this case unless it is the policy of our courts to punish foreign corporations that have not complied with our laws, and that it would be contrary to the spirit of our laws to inflict upon a citizen of this State the penalty belonging to a foreign corporation. It will be remembered that appellee and all the other members of the local branch who contributed to the fund appellant is attempting to recover are residents of this State, and they are entitled to the same protection which should be extended to appellant. But aside from this consideration, the question of inflicting punishment upon a foreign corporation for transacting business here without complying with our laws does not enter into the decision of this case. In a garnishment proceeding like the one in question the garnisheeing creditor can only recover of the person garnisheed when the debtor in whose name the suit is instituted can recover. This rule of law is

general in its application, applying to all cases, and it makes no difference whether the party in whose name the suit is brought is a corporation or a natural person, —a resident or a non-resident.

After a careful consideration of the record and the questions raised and discussed in the argument we are satisfied the judgment of the Appellate Court is correct, and it will be affirmed. *Judgment affirmed.*