## Bank of Commerce v. Lesser Franklin, for use, etc.

1. Garnishment—*Limit of the Recovery.*—In garnishment proceedings the garnishor can only recover of the person garnisheed when the judgment debtor in whose name the suit is instituted could recover.

2. Same—*Rights of the Garnishee.*—Every garnishee can avail himself of all demands which could have availed him if he had not been garnisheed, and he is liable only for such balance as may remain after all mutual demands between himself and his creditor are adjusted.

3. Same—*Rule of Liability.*—A person garnisheed is liable to the garnishor for the balance only between him and his creditor when their mutual demands have been adjusted.

4. Same—*The Rights of the Garnishor.*—The rights of the garnishor are not fixed by the service of the summons; they are controlled by the adjustment of the mutual demands between the garnishee and the judgment debtor in whose name the suit is instituted.

5. Same—*Requisite of a Recovery.*—There must be evidence of a judgment and of the issue and return of an execution "no property found" in order to sustain a recovery.

6. Banks and Banking—*Secret Agreements with Depositors.*—A secret arrangement between a depositor and a bank can not affect the rights of third persons, nor limit the liability of the bank.

7. Same—*Liability as to Special Deposits.*—When a bank receives a deposit for a special purpose agreed upon, as between itself and the depositor, its liability is limited by the agreement.

8. Same—*Special Deposits.*—Where no checks have been drawn for the use of the special enterprise, or where it has been abandoned, the bank may appropriate the deposit in payment of any indebtedness to it by the depositor.

9. SAME—*Applying Special Deposits on Overdue Notes.*—Where a bank holds an overdue note against a depositor it has the right to charge such note up against his deposit account; and if it does so before checks drawn by such depositor are presented for payment it will be entitled to hold the deposit against any check afterward presented. But if the maker of the check presents it himself, the bank would have the right to refuse payment to him, and could appropriate the deposit to the payment of his debt.

10. BILL OF EXCEPTIONS—*Amendment at a Subsequent Term.*—A bill of exceptions, which by inadvertence, omission or mistake does not truly represent what transpired at the trial, may be amended at a subsequent term so as to conform to the real facts. But there must be some minute entry or memorandum upon the judge's docket, or in the record or files, upon which to base the amendment. It can not be amended upon parol evidence from the memory of the witnesses or from the recollection of the judge.

Garnishment Proceeding.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed June 19, 1900.

FELSENTHAL, D'ANCONA & FOREMAN, attorneys for appellant.

GARDNER & BURNS, attorneys for appellee; GEORGE N. STONE, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a garnishment proceeding against appellant brought by the Merchants' Loan and Trust Company, which claims to have recovered a judgment at the December term, 1896, of the Circuit Court, against said Lesser Franklin.

It appears that Franklin has been a depositor with appellant, and, at the date of the garnishment summons, was indebted to the latter in a sum exceeding $39,000. About $35,000 of this indebtedness was partially secured by trust deed upon real estate, of uncertain value. The remaining $4,000 was evidenced by Franklin's unsecured promissory note, which was held by appellant at the time of the service of garnishment summons, and was then overdue and unpaid.

Summons was served upon appellant as garnishee, May 15, 1897. Upon that day Franklin's deposit account showed a balance apparently due him of $517.97. This was what remained of a special deposit of $1,900, made by Franklin May 8, 1897, which by an express arrangement with appellant, was to be used by Franklin in the business of a "pure food company," out of which it was hoped he would realize considerable money. The arrangement was that this deposit should not be applied on Franklin's debt to appellant, but should be used for the purpose of that special enterprise and for nothing else. No checks were to be drawn upon that deposit for any other purpose; and appellant was to pay no checks not first submitted to and approved by its president. None were paid unless so sanctioned. It thus appears that the Bank of Commerce agreed to postpone its claim to payment out of said deposit, so long as Franklin used the money only for a single and definite enterprise.

The question now is, was the Bank of Commerce indebted to Franklin so that he could recover from said bank the balance still remaining in its hands, and apply the same in payment of a general creditor.

A secret arrangement between Franklin and appellant could not affect the rights of third persons, nor limit the liability of the bank. Gage Hotel Co. v. Union Nat. Bank, 171 Ill. 531 (535). But the law is settled in this State, that in garnishment proceedings of this character the creditor can only recover of the person garnisheed, when the judgment debtor in whose name the suit is instituted can recover. Supreme Sitting Order of the Iron Hall v. Grigsby, 178 Ill. 57 (62); Finch v. Alexander Co. Nat. Bk., 65 Ill. App. 337; Pullman v. Ry. Eq. Co., 73 Ill. App. 313. The statute provides (Rev. Stat. Chap. 62, Sec. 13) that every garnishee can avail himself of all demands, which could have availed him if he had not been summoned as garnishee, and that he shall be liable only for such balance as may remain, "after all mutual demands between himself and plaintiff and defendant are adjusted."

In the case before us the president of the Bank of Commerce retained the right as between the bank and Franklin, and used it to prevent the use of the deposit to his credit in any other way than for the special purpose agreed upon. Appellant thus assumed control of the deposit. As between itself and Franklin its liability to him was limited by the agreement between them. If no checks had been drawn for the use of the special enterprise, or it had been abandoned, appellant could have appropriated the fund in payment of so much of Franklin's overdue note, and having charged the deposit account against the note, would have been under no obligation to pay it out for any purpose, not even upon checks thereafter presented. Where a bank holds a note overdue, " it has the right to charge such obligation up against the maker's deposit account, and if it does so before a check drawn by the depositor is presented for payment, it will be entitled to hold the deposit against any check afterward presented." But if the maker of the check presents it himself, the bank would have the right to refuse payment to him and could appropriate the deposit to payment of the debt. Niblack v. Park National Bank, 169 Ill. 517. Franklin himself, had no right to this money unless with appellant's consent, to pay his own debts. Had he sued appellant to obtain it for his own use, he could not have recovered. Neither can his judgment creditor. Appellant was liable to said garnishor under the statute, "for the balance only, after all mutual demands between" itself and Franklin had been adjusted. Standing as the judgment creditor does in Franklin's shoes, its rights in this proceeding are no greater than his. It is not in the position of a check holder for value, who presents a check drawn against a fund still standing to the credit of the maker, and whose right to the money is fixed by such presentation of his check. The rights of a garnishor are not fixed by the service of the garnishment summons. They are subject to the adjustment of the mutual demands between the garnishee and the judgment debtor in whose name the suit is instituted.

Bank of Commerce v. Franklin.

There is another ground upon which this judgment must be reversed. The original bill of exceptions was signed and sealed March 18, 1899. It contained no sufficient evidence of a judgment in favor of the usee, the Merchants' Loan and Trust Company, against Franklin, the alleged judgment debtor. There must be evidence of a judgment, issue of an execution, and return of the latter "no property found," which evidence must be preserved in the bill of exceptions. Davis v. Siegel, Cooper & Co., 80 Ill. App. 278 (283), and cases there cited. R. S. Chap. 62, Sec. 1.

After several terms had intervened, the Circuit Court, December 20, 1899, signed and sealed an additional bill of exceptions, in which it is recited that, "after hearing all the evidence, argument of counsel, and from his own recollection of what transpired before him," the court finds "that the bill of exceptions as finally presented to him for signature did not contain the judgment;" and evidence of such judgment is therefore inserted in an additional bill of exceptions. This was brought here under a suggestion of diminution of record. A motion to strike it out was reserved to the hearing.

It is clear that the Circuit Court had no jurisdiction to amend the bill of exceptions signed and sealed at a previous term, no extension of time for such purpose having been given, upon evidence the character of which does not appear, and upon the recollection of the judge. No memorandum in writing appears to have been produced upon which to base the amendment. A bill of exceptions which by inadvertence, omission or mistake, does not fairly and truly represent what transpired at the trial, may be amended at a subsequent term so as to conform to the real facts. But it is not so amendable upon parol proof. There must be some minute, entry or memorandum upon the judge's docket or in the record or files upon which to base the amendment. It can not be done from the memory of witnesses or from the recollection of the judge himself. Some of the many cases sustaining this view may be found cited in Dearborn Foundry Co. v. Rielly, 79 Ill. App. 281.

In order, however, to forward the final determination of
the cause, we have chosen to consider it upon the merits,
as if the amended bill of exceptions was rightfully in the
record.

The evidence in this case shows affirmatively a state of
facts which did not appear in Bank of Commerce v. Frank-
lin, 88 Ill. App. 198, decided earlier in the present term of
this court.

The judgment of the Circuit Court must be reversed and
the cause remanded.