WILLIAM C. NIBLACK

v.

THE PARK NATIONAL BANK OF CHICAGO.

*Opinion filed November 8, 1897.*

1. BILLS AND NOTES—*when check is properly presented for payment.* A check is properly presented for payment which is taken during business hours to the bank on which it is drawn, by a notary, for the purpose of demanding payment, and who, on finding the doors closed, makes a demand upon the president of the bank.

2. SAME—*drawing and delivery of check operates as a pro tanto assignment of the fund.* As between the parties, the drawing and delivery of a check upon a fund in the bank is in effect an assignment to the holder of so much of the fund as the check calls for.

3. BANKS—*banker's lien does not extend to money deposited subject to check.* Where the rights of third parties have intervened, a banker's lien for money loaned does not extend to money deposited with him by the debtor to be dealt with according to the usages and customs of banks.

4. SAME—*when bank cannot dishonor check and apply drawer's deposit to payment of his debt.* Where a check calling for part of a fund deposited to the drawer's credit with a bank to which he is indebted on a demand note for a sum in excess of his deposit, is duly presented for payment by a *bona fide* holder for value after the bank has suspended but before it has applied the drawer's deposit to the payment of his note, the bank cannot legally refuse payment.

5. SAME—*fact that comptroller has charge of bank does not change banker's relation to depositors.* The fact that a bank has passed into the hands of the comptroller before a check is presented for payment by a *bona fide* holder for value, does not operate to transfer the drawer's deposit to the payment of his demand note to the bank for a sum in excess of his deposit.

*Park Nat. Bank of Chicago* v. *Niblack,* 67 Ill. App. 583, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELEY, Judge, presiding.

On June 17, 1890, Cook & Leake, doing business as the Bank of Hartford, and having sufficient funds on deposit to their credit with the appellee, the Park National Bank

of Chicago, drew a check for $1056 upon the latter bank, payable to appellant, William C. Niblack, and delivered it to him. On the morning of the 20th following, the Comptroller of the Currency seized the property and assets of the Park National Bank and caused it to suspend business. At this time there was on deposit in the latter bank, to the credit of the Bank of Hartford, the sum of $2574.44, and it held a note of the Bank of Hartford, payable on demand, for the sum of $13,600. At the time of the closing of its doors it had taken no steps to transfer the deposit to part payment of the note which it held. On this day Niblack, by a notary public, presented his check to the appellee bank for payment, and finding the doors closed and being unable to make a demand, presented it to the president of the bank at another place, and protested it, in due form, upon payment being refused. Afterwards, on July 14, Gilbert G. Shaw was appointed receiver of the appellee bank, and in August following a claim for the amount of the check was presented to him, but he refused to acknowledge it as an obligation of the bank, and this suit was brought to recover that sum. Upon the hearing, judgment was rendered against the receiver for the face of the check, with interest from June 20, 1890, amounting in all to $1346. Appeal was taken to the Appellate Court for the First District, where the judgment of the trial court was reversed without being remanded. From that judgment William C. Niblack, appellant here, prosecutes this appeal.

JAMES S. HARLAN, and S. S. GREGORY, for appellant:

A bank holding the note of a depositor which is overdue is not bound to apply his deposit to its payment, even as against a surety. *Bank* v. *LeGrand*, 103 Pa. St. 309.

A bank cannot set off against such check a claim it may have against the holder. *Brown* v. *Leckie*, 43 Ill. 497.

The check of a depositor transfers to the payee so much of the deposit as the check calls for, and when

presented to the bank for payment the banker becomes liable to the holder for the amount thereof, provided the drawer has, at the time, sufficient funds on deposit to pay it. *Bank* v. *Union Trust Co.* 149 Ill. 343.

Presentment of a check to a bank on which it is drawn, after it has failed and closed its doors, is sufficient. *Bickford* v. *Bank*, 42 Ill. 238.

WILLIAM BRACE, and JOHN T. RICHARDS, for appellee:

As between the parties, a check operates as an equitable assignment of the funds of the drawer from the time of delivery. (*Munn* v. *Burch*, 25 Ill. 35; *Buehler* v. *Galt*, 35 Ill. App. 225.) But as between the payee of the check and the bank, the rights of the former are fixed and determined by conditions existing at the time of presentment. *Meyers* v. *Bank*, 27 Ill. App. 254; *Bank* v. *Union Trust Co.* 50 id. 434; 149 Ill. 343.

Where a depositor is indebted to the bank by an independent, matured indebtedness, the bank may apply money on deposit in payment. *Bank* v. *Newton*, 8 Ill. App. 563; *Hayden* v. *Bank*, 29 id. 458; *Schuler* v. *Bank*, 27 Fed. Rep. 424.

A bank holding an over-due note of a depositor of greater amount than his deposit, may properly refuse to pay his check without any formal appropriation of the deposit upon the note. *Bank* v. *Green*, 32 L. R. A. 568.

No demand is necessary before bringing suit on a note payable on demand. *Hall* v. *Jones*, 32 Ill. 38.

The Statute of Limitations commences to run against a note payable on demand, from the day of its date. Parsons on Notes and Bills, chap. 3, sec. 4.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is contended by appellant, that inasmuch as at the time of the making and presentment of the check the Park National Bank held sufficient funds belonging to the maker of the check to pay it, and at that time had

taken no steps to appropriate the deposit to the payment of the note in its favor, the bank could not afterwards appropriate this fund to the payment of its note and refuse to pay the check.   On the other hand, it is contended by appellee, first, that the check was not properly presented for payment; and next, if it was presented, even after presentment the bank had the right to appropriate the maker's funds then on deposit to the payment of its own note, rather than to the payment of the check.

We think the check must be treated as properly presented to the bank for payment.   It appears from the evidence that a notary public, with the check, went to the bank during banking hours for the purpose of demanding payment for appellant, but found the doors closed.   He then made a demand of payment of the bank president. Everything was done to present the check for payment which could be done by the holder.   If a check is presented to the bank for payment during business hours, and the doors be closed, this is due diligence on the part of the holder of the check, and it may be protested for non-payment.   *Bickford* v. *First Nat. Bank,* 42 Ill. 238.

It is a well settled rule in this State that the drawing and delivery of a check upon a fund in the bank are in effect an assignment to the holder of the check of so much of the fund as the check calls for.   But the contention of appellee seems to be, that although the making and delivery are an equitable assignment of so much of the deposit, the banker has the right to refuse payment of the check, even when presented by a third person, and appropriate the money to the payment of a debt due from the maker to himself, on the theory that he has a lien upon the deposit in favor of himself to the extent of the maker's indebtedness,—or, in other words, it is insisted that the bank has a right of set-off, to the extent of the note, against the maker of the check, and may exercise the right of set-off when the check which is held, even by the third person, is presented.

The question in the case of *Fourth Nat. Bank* v. *City Nat. Bank*, 68 Ill. 398, is very similar to this. The banker holding a note, which was not due, against the maker of the check, refused to pay the check which was presented by a third party, although, at the time of making and presentment, there were sufficient funds on deposit to the maker's credit to pay it. There, as here, the attempt was to maintain that the banker had a lien upon the funds in his possession to pay an indebtedness to himself. The court said (p. 402): "In the very nature of such transactions a banker's lien cannot extend to the money left on deposit with him, according to the customs and usages of banks. It has never been so extended, but is confined to securities and valuables which may be in the banker's custody as collaterals. The credit must be given on the credit of the securities or valuables, either in possession or expectancy. This is the extent of a banker's lien,"—citing *Russell* v. *Hadduck*, 3 Gilm. 233. The right of set-off was urged in favor of the bank as against the maker of the check, and the court further said: "The other proposition, that of a right to an equitable set-off, might be conceded if no third party was in the way. The third party here is the appellee, whose right to this money was fixed on the 17th of October,—the day the check was presented and payment demanded. This right of set-off, as claimed, is but another phase of the banker's lien, and has no foundation in law or justice, as against a checkholder for value."

Had the maker himself presented this check the bank would have had the right to refuse payment, and could have appropriated his deposit to the payment of the indebtedness. It is also the law, where a bank holds a demand note, or a note past due, it has the right to charge such obligation up against the maker's deposit account, and if it does so before a check drawn by the depositor is presented for payment it will be entitled to hold the deposit against any check afterwards presented. But here, Niblack, a third party, presented the check, which

amounted to the transfer of so much of the fund to him as the check called for, and no right of set-off existed in favor of the bank thereafter. He had received it for value. It had been drawn against a fund sufficient to pay it, belonging to the drawer. Taken in the usual course of business, it was clothed with all the rights which the customs of business gave it for commercial convenience. When presented the fund still stood to the credit of the maker, and according to the decisions of this court the bank had no legal right then to refuse payment.

Counsel for appellee contend that the note being due and the bank having passed into the hands of the comptroller when the check was presented, that state of facts itself transferred the deposit to the payment of the note. The fact that the comptroller took charge of the bank did not make any change in the relation of the parties. The comptroller, and the receiver afterwards appointed by him, acted for the bank. Having seen that the banker's lien does not extend to money on deposit when checks are presented by third persons who are holders, in the regular course of business, neither the comptroller nor the receiver had any more right to make the transfer than the bank itself.

It is also urged, that even if the Appellate Court was in error and its judgment must be reversed, the trial court erred in instructing the jury to allow interest upon the face of the check from the 20th day of June, the day of protest, and for this reason the judgment of the latter court should be reversed. We are satisfied that the check was duly presented for payment on the 20th of June, and hence interest was properly allowable from that time. We find no merit in this contention.

The judgment of the Apppellate Court reversing the judgment of the circuit court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*