## First National Bank of Canton, Appellant, *v.* Innes.

*Promissory notes—Note as collateral to a second note—Renewals —Judgment note—Statute of limitations.*

Where a judgment note, not under seal, payable on demand, and negotiable by its terms recites that "this note is given as collateral security to note" of another person stated, with amount and date stated, "or any renewals," and the note thus recited is periodically renewed for more than nine years, without any renewal of the judgment note or demand for payment of the same, a suit on the judgment note begun after the expiration of nine years is barred by the statute of limitations.

The statute of limitations begins to run against a note payable on demand from the date of the note.

Argued Nov. 22, 1916. Appeal, No. 301, Oct. T., 1916, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1911, No. 317, for defendant non obstante veredicto in case of First National Bank of Canton v. John A. Innes. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Amicable action to determine defendant's liability on a note. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

426 FIRST NATL. BANK OF CANTON, Appel., *v.* INNES.

Assignment of Error—Opinion of the Court. [66 Pa. Superior Ct.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Lee Brooks,* with him *J. W. Stone,* for appellant.—It was the intention of the parties and the purpose of the security note—that it should automatically renew itself and stand as a new security for each renewal note given by A. H. Northrop for the original note.

The obligation in question is not a promissory note, and cannot be so declared for it is substantially a contract of suretyship or a promise to pay another's debts if he does not. It gives notice on its face to all the world that the promise is only conditional: Robbins v. May, 39 English Law Rep. 50; Hale v. Merrick, 40 U. C.—Q. B. 566; Southerland v. Patterson, 4 Ontario 565; Smith v. Bell, 107 Pa. 352; Jones v. Trimble, 3 Rawle 381.

*J. Roy Lilley,* with him *W. P. Wilson* and *T. S. Hickok,* cited: Smith v. Bell, 107 Pa. 352; Swearigen v. Sewickley Dairy Co., 198 Pa. 68; Andress's App., 99 Pa. 421; Milne's App., 99 Pa. 483; Bousted v. Cuyler, 116 Pa. 551; First Nat. Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593; Hartranft's Est., 153 Pa. 530.

OPINION BY WILLIAMS, J., March 13, 1917:

Plaintiff declared on the following note: "$100.00 Canton, Pa., Jan. 17, 1901. On demand after date, for value received, I promise to pay to L. T. McFadden, Cashier, or bearer the sum of One Hundred Dollars at the First National Bank of Canton, with interest and without defalcation, waiving stay of execution, all exemption laws, inquisition, errors, and appeal. And I hereby confess judgment against me for the above sum with interest and cost and with five per cent. additional for collection fees,

and with the above stated waivers. And I do further agree that the holder of this note may at his option treat the same as negotiable and subject to the rules governing commercial paper, without equities, as if it contained no confession of judgment or collection fee. (Signed) John A. Innes." "This note is given as collateral security to note A. H. Northrup for $1,000 dated Jan. 17, 1901, or any renewals."

The Northrup note was periodically renewed until March 10, 1910, when the maker defaulted as to renewal and payment.

The defense was the statute of limitations. The court, after a hearing, directed a verdict for the plaintiff. The defendant moved for judgment n. o. v., which was granted. The assignment of error questions that ruling.

The appellant contends that the liability of Innes depends wholly upon the performance or nonperformance of a condition, or the happening of a contingency; that the note in suit and the Northrup note, together, constitute a continuing contract of suretyship; and "that it (the Innes note) should automatically renew itself and stand as a new security for each renewal note given by A. H. Northrup for the original note." No authority can be found to sustain the last contention. It would entirely remove the effect of the statute. The plaintiff might have refused to renew the Northrup note when it became due, viz: July 17, 1902, and the condition, if it existed, would have been satisfied. In Cook v. Carpenter (No. 1), 212 Pa. 165, MITCHELL, C. J., said (175):

"......on an obligation for the payment of money on demand the statute begins to run at once. Suit is sufficient demand and must be brought within six years. ......where the contract is to pay on the future performance of a condition, or happening of an event, or at a certain time after demand, there a demand is necessary to a right of action, and the statute does not begin to run until demand is made.......Negotiable instruments payable on demand were originally classed together, and

held like checks and bills of exchange necessary to be presented with due diligence according to the residence of the parties.......But the terms payable on demand import that the debt is already due, and, therefore, the statute of limitations begins to run from that date. ......The obligation to pay in such case is absolute and present; the only element not fixed with certainty is the time of payment, and as that is at the option of the creditor, and the debtor must be prepared eo instanti, the time of payment, and with it the statute, begins to run at once."

The present obligation is payable on demand; it purports to be collateral security for the Northrup note, which fell due July 17, 1902, at which time it was optional with the plaintiff whether it would renew, or realize on the collateral. Thus a perfect right of action, free from any condition or equitable defense, accrued to the plaintiff from that date. If it had desired to continue the enforceability of the collateral note as evidence of a debt, it was incumbent upon it to demand a renewal within the statutory limitation, and failing to do so, has no ground for complaint because the statute was invoked and enforced.

The judgment is affirmed.