MENDELSON-SILVERMAN, INC., Appellant, *v.* MALCO TRADING CORPORATION and Others, Respondents.

Supreme Court, Appellate Term, Second Department, August 5, 1932.

*Samuel Goldstein*, for the appellant.

*Marks & Marks* [*Thomas F. Hennessy* of counsel], for the respondents.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and final order and judgment directed for the landlord as demanded in the petition and dismissing the counterclaim, with appropriate costs in the court below. The non-payment of the rent was conceded. The sole question determined below related to the counterclaim, which charged that the landlord had converted the security. There was no conflict in the proof. The trial court held that under the provisions of the lease the landlord held the security as a pledge, and that its use of the fund constituted a conversion. We think the provisions of the lease unquestionably show that the parties did not intend that the landlord should hold the security intact, but rather that it should have the right to use it — at least until six months before the end of the term. Not only was the landlord required to pay four and one-half per cent interest on the security, but the lease provided that six

months before its termination the landlord should deposit " in escrow with a Trust Company or Savings Bank, the sum of money then on deposit with the landlord as security." The lease is for twenty-three years, and contains two options to the tenant of two additional terms of twenty-one years each. In view of all these facts, it is evident that the parties making the lease intended the landlord to have the use of the security up to the time that it was required to place it in a bank. That time had not yet arrived. It could not, therefore, be held that the landlord was guilty of conversion of the security for having merely used it as it was permitted to do. There was, therefore, no defense to the landlord's proceeding. In view of the increasing number of appeals which involve the question of conversion by the landlord of security deposited under a lease, it is felt that an expression of opinion by this court as to its views on the subject might be of aid to litigants and to the lower courts, the appeals from which come here in the first instance. The relation in which the security is to be held is a matter of agreement between the parties. For instance, they might provide in the lease that the security is to be held in trust or in some other fiduciary relation by the landlord. This might be done either by express language or by language which necessarily justifies the inference that such was the parties' intent. In such a case the use of the security by the landlord for his own purposes would amount to a conversion. If the lease, however, contains no such provisions, the relation existing will be deemed to be that of debtor and creditor. For instance, where the lease provides that the security has been deposited with the landlord for the faithful performance of the lease by the tenant and is to be returned to the tenant upon the expiration of the term, the landlord will be deemed to have the right to use the money, and will not be guilty of conversion in so doing.

All concur; present, CROPSEY, LEWIS and JOHNSTON, JJ.