Valiant Co. *v.* Pleasonton & Pa. Co. for Ins. on Lives and Annuities, Garnishee, Appellant.

198

Argued September 28, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*John Kennedy Ewing, 3d,* of *Saul, Ewing, Remick and Saul,* and with him *George C. Krewson* and *John Cadwalader,* for appellant, cited: Kurtz v. County National Bank, 288 Pa. 472; Citizens Savings Bank v. Vaugh, 115 Mich. 156; Andress's Appeal, 99 Pa. 421.

*Walter G. Dugger,* and with him *Felix & Felix,* for appellee, cited: Corn Exchange National Bank v. Locher, 154 Fed. 764; Schiff v. Schindler, 98 Pa. Superior Ct. 207.

OPINION BY STADTFELD, J., January 25, 1933:

The plaintiff entered judgment on September 15, 1931 against the defendant on a single bill in the sum of $2,450 and assessed damages in the sum of $1,010.25, and subsequently issued an attachment sur judgment, summoning the appellant as garnishee. Interrogatories were issued and answers to the interrog-

atories were filed by the garnishee. The plaintiff then took a rule for judgment against the garnishee for the amount alleged to be admitted to be due by the garnishee to the defendant in the answers to interrogatories. The court in an opinion by LAMBERTON, J., made the rule absolute in the sum of $663.87, without prejudice as to the plaintiff's right to recover certain remaining items.

The answers to the interrogatories filed by the garnishee set forth that at the time the writ of attachment was served upon it, the defendant had a checking account in which there was a balance of $504.65 and that he also had an "agency account" in which, at that time, there was a balance of $159.22. The total of these two items is $663.87, the amount for which the lower court gave judgment in favor of the plaintiff.

The answers to interrogatories further set forth that at the time the writ of attachment was served upon the garnishee, the defendant was indebted to the garnishee in the sum of $60,000, which indebtedness was evidenced by two demand notes dated respectively, February 25 and October 11, 1930, and that the garnishee was entitled to set off the amounts in the deposit and agency accounts against the defendant's indebtedness on the said notes.

The answers to the interrogatories also set forth that the garnishee was acting in a fiduciary capacity under the will of Francis S. Pleasonton, deceased, with the defendant as beneficiary, having both credit and debit balances in the various trust accounts, with a net balance due the garnishee from the beneficiary defendant as a result of overdrafts or advancements in excess of the amounts to his credit in the bank accounts. The garnishee claimed the right to set off against the defendant the amount of such advances of principal and income out of trust estates.

From the answers to the interrogatories it appears

that the garnishee in its fiduciary capacity has four distinct accounts with defendant, all arising out of the estate of Francis S. Pleasonton, deceased. In the first of these accounts, there is a balance of income due defendant, but an overdraft of principal. In the second the income account of defendant is overdrawn. In the third there is a balance of income due defendant. In the fourth there is a balance of income due defendant.

As to the two notes, aggregating $60,000, the lower court held that there is nothing in the record to indicate that demand for payment had ever been made, and that after an attachment had been made the bank may not appropriate the moneys standing to the credit of the depositor to "his unmatured debt due it."

The lower court held that while the garnishee, acting in two distinct capacities, in the one as a banker and in the other as a fiduciary, probably has the right to appropriate funds on deposit with it as a banker to payment of the indebtedness incurred with it as a fiduciary, that this appropriation is not automatic; that the advance of funds to defendant by the garnishee in its fiduciary capacity did not, without further action on its part, create a lien upon the funds of defendant deposited with the garnishee in its banking capacity; that no action having been taken in regard to such set-off prior to the attachment, none could be taken subsequent thereto.

From the judgment entered on the rule taken ex parte plaintiff sur answers to the interrogatories this appeal is taken by the garnishee.

Appellant contends that a demand note as between maker and payee is due upon the date of the execution thereof, and that it was entitled to set off the debt due on the said notes against the claim of the attaching creditor even though no appropriation had been made by the appellant prior to the date of the service of the writ; also that it had the right to set off the amount

of the advances which were due and owing to it by the defendant, even if made in its fiduciary capacity.

Appellant cites numerous authorities in support of the propositions that a note payable on demand is due immediately upon the date of its execution, and that the Statute of Limitations begins to run at once and that suit may be brought without a demand first having been made. We have no fault to find with these cases. They are not controlling, however, under the facts of the instant case. We do not agree with the lower court in the statement in its opinion that because no demand for payment had ever been made, consequently the notes were not due at the time of the attachment. The difficulty with appellant's case lies in the fact that prior to the attachment no appropriation had been made by the bank and none could be made afterwards. In that conclusion, the court was correct. As stated in Dominion Trust Co. v. Hildner, 243 Pa. 253: "The words 'on demand' in a note do not make the demand a condition precedent to a right of action, but import that the debt is due and demandable immediately, or at least the commencement of a suit therefor is a sufficient demand."

The obligation to pay in such case (on demand), is absolute and present; the only element not fixed with certainty is the time of payment, and as that is at the option of the creditor, and the debtor must be prepared eo instanti, the time of payment, and with it the statute, begins to run at once. Cook v. Carpenter, 212 Pa. 165; page 176; Bank of Canton v. Innes, 66 Pa. Superior Ct. 425, page 428.

Appellant cites in support of its position, the case of Kurtz v. Bank, 288 Pa. 472, quoting: "If the bank is in doubt as to its security it should not discount the paper, should make its notes payable on demand, or protect itself by an agreement to take over the deposits under fixed conditions in satisfaction of notes

not due: Blum Bros. v. Girard National Bank, 248 Pa. 148.'' Appellant assumes that because a note is payable on demand the bank appropriated the set-off immediately upon the execution of the note. It overlooks the fact, as stated by the learned judge of the lower court that "this appropriation is not automatic.''

In Schiff v. Schindler, 98 Pa. Superior Ct. 207 (1929) which was an appeal from making rule for judgment absolute against B, a bank, garnishee, for want of sufficient answer to interrogatories in attachment execution, B had an agreement with the judgment debtor, A, providing that if any adverse action or proceeding was taken or any judgment entered in any court against A or any change occurred which materially reduced the ability of A to pay all claims against him, each and every obligation of the judgment debtor to B at B's option would immediately become due and payable and moneys, funds and collateral held by it for A appropriated against all of B's claims and demands both matured and unmatured. It was held, in an opinion by GAWTHROP, J., p. 212: "We think the effect of this agreement was merely to give the bank an option to appropriate the deposit to the credit of the defendant to the payment of the note, the maturity of which was accelerated by the issuance of the attachment execution. While it authorized the bank to appropriate the depositor's balance in partial liquidation of the indebtedness on the note the moment the attachment execution issued, it gave it no lien on the deposit. As it failed to appropriate the same to the payment of the note until after the attachment execution was served upon it, it seems clear that the execution creditor acquired a lien on the funds of the defendant in the hands of the bank ......'' To same effect, Corn Exchange National Bank v. Locher, 151 Fed. 764.

In the instant case, the bank had no lien on the funds of its depositor, and no attempt was made to appro-

priate the fund before the issuance of the attachment. In the meantime, the attachment had been issued and served and the creditor acquired a lien. As against this lien, the bank can not prevail.

The foregoing comments apply as well to the fiduciary account.

The lower court was right in its conclusions. At the argument of the case, it was stated at bar that judgment was not asked by plaintiff for the amount to the credit of the defendant in the "agency account", towit: $159.22. The judgment should therefore be reduced by that amount.

The assignment of error is overruled, and with the modification stated the judgment is affirmed.