THE JAHMES CO., INC., Respondent, v. IRVING PROPPER and Others, Appellants.

First Department, May 12, 1933.

*Herman L. Wasserman* of counsel [*Maxwell E. Lopin*, attorney], for the appellants.

*David Barnett* of counsel [*Newman & Bisco*, attorneys], for the respondent.

SHERMAN, J. The second cause of action in the complaint has been held sufficient. We have reached the view that this determination is erroneous and that the order appealed from should be reversed.

The tenant here sues the landlord to recover the sum of $10,000, delivered to the landlord under an unexpired nineteen-year lease

of premises in the borough of Manhattan, to be held by the lessor for the punctual payment of the rent and performance of the covenants and agreements in the lease, by the lessee. The pleading states that there were transfers of this realty by defendants, who as landlords executed the lease, to other parties who ultimately transferred the property back into the ownership of defendants. Each owner in turn became possessed of the deposit.

It is urged that because defendants, as well as the other owners of the realty, had mingled this security with their personal funds and used the same for their own purposes, and also failed to keep the sum intact and invested in such investments as are permitted to trustees under the laws of this State, the tenant has rightfully terminated the lease and, having demanded the return of his security, is entitled to a judgment in that amount.

The language of the lease does not impose upon the landlord the duty to hold this sum intact as a trust fund or to invest it in what are termed legal investments for savings banks in this State. No provision in the lease makes the relationship between the landlord and tenant with respect to these moneys other than that of debtor and creditor. (*Levinson* v. *Shapiro*, 238 App. Div. 158.)

The covenant to repay the security deposited was personal and its breach would not justify an abandonment of the premises by the tenant. Since the lease provides that the tenant would not become entitled to assert his claim to the return of that deposit until six months after the expiration of the full term of the lease and plaintiff has shown no right to declare it at an end, the action was prematurely brought.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and defendants' motion granted to dismiss the second cause of action, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.