## Handle, to use, Appellant, *v.* Real Estate-Land Title and Trust Company.

Argued April 18, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*Joseph J. Brown,* with him *John Arthur Brown,* for appellant.—To justify appropriation of fund it must appear that defendant acquired a lien thereon or actually appropriated the same prior to notice of the trust: Citizens & Southern Bank v. Fayram, 21 Fed. 998; Kurtz v. Nat. Bank, 288 Pa. 472; Dougherty Bros. & Co. v. Nat. Bank, 93 Pa. 227; Manufacturers' Nat. Bank v. Jones, 2 Penny. 377; Schiff v. Schindler, 98 Pa. Superior Ct. 207; Southwark Nat. Bank v. Beck, 98 Pa. Superior Ct. 213; Valiant Co. v. Pleasonton, 108 Pa. Superior Ct. 197; Commercial Nat. Bank v. Henninger, 105 Pa. 496; Chipman v. Bank, 120 Pa. 86.

*Earl G. Harrison,* with him *Murray Forst Thompson* and *Saul, Ewing, Remick & Saul,* for appellee.—Where one of two innocent persons must suffer loss, it ought to fall on him who has put it in the power of the third party to obtain a false credit: Bank of Metropolis v. Bank, 1 Howard 234; Citizens & Southern Bank v. Fayram, 21 Fed. 998; Real Estate-Land Title & Trust Co. v. Butler, 296 Pa. 54; Brady v. Bank, 120 Oklahoma 159; Smith v. Bank, 107 Iowa 620.

The bank, prior to any notice of the interest of other persons in the savings fund account, acquired a lien thereon, and its rights were not affected by information received thereafter and subsequent to the extension of credit: Southwark Nat. Bank v. Beck, 98 Pa. Superior Ct. 213; Thompson v. Trust Co., 234 Pa. 452; Nat. Bank of Phœnixville v. Bonsor, 38 Pa. Superior Ct. 275; Real Estate-Land Title & Tr. Co. v. Butler, 296

Pa. 54; South Side Bank of Scranton v. Raine, 306 Pa. 561; McStay Supply Co. v. Cook Co., 132 Pac. 545.

The savings fund account was not a trust fund: Bair v. Bank, 314 Pa. 85; Wilcox v. Gauntlett, 200 Mich. 272; Mendelson-Silverman, Inc. v. Trading Corp., 260 N. Y. Supp. 881; Levinson v. Shapiro, 238 App. Div. 158.

OPINION BY MR. JUSTICE LINN, June 30, 1934:

The bill was filed to recover from defendant bank a part of a bank deposit of $15,000. The use-plaintiff has appealed from the decree dismissing the bill.

Johnson leased a theater to Handle, the assignor of the use-plaintiff, for a ten-year term, receiving, on the execution of the lease, a deposit of $15,000, to be held as security on terms specified in the lease. Pursuant to the lease, he deposited that sum in a saving fund account, opened September 11, 1930, by a check drawn on his checking account in defendant bank. On the face of the transaction with the bank, there was nothing to indicate that anyone but Johnson was interested in the account, and the bank had no reason to suspect that fact until sometime in January, 1932. During that period Johnson's average daily indebtedness was $46,238.23, ranging from a low of $30,000 to a high of $50,000. The relation between Johnson and the bank was debtor and creditor, and, when notice of appellant's claim was received in January, 1932, his debts exceeded the amounts to his credit. After receiving notice of the use-plaintiff's claim to a part of the $15,000 deposit,[1]

---

[1] The reduction in amount is explained by the following finding: "Prior to March 5, 1932, the Keswick Theatres Corporation had executed its promissory note to Edwin N. Johnson in the amount of $1,000.00 representing the balance due in excess of minimum rental for the year ending September 1, 1931. On March 8, 1932, it was agreed between Keswick Theatres Corporation and Edwin N. Johnson that said note for $1,000.00 should be paid by allowing the said Johnson a credit of $1,005.00 against the amount deposited by him in the aforesaid savings account, No. 26,363."

the bank credited Johnson's overdue loan account with the amount of his credit in both deposit accounts.

The appellant use-plaintiff now contends that the bank could not treat Johnson as the owner of the saving fund account; that, by the terms of the lease, Johnson held the $15,000 in trust for the legal plaintiff, and, that it may enforce that trust against the bank.

The lease required the lessee to deposit $15,000 in cash with Johnson, who agreed to deposit it to his credit in a separate saving fund account in a bank to be selected by him; to pay the lessee the interest received on it at the prevailing rate; to hold the amount as security for the payment of rent, with the right, on default, to apply the deposit to rent in arrear, or other damages, and, also, with the option in the lessor to apply the security toward the payment of the last installments of rent; the lessor also agreed to exhibit to the lessee, when required, a saving fund book showing the deposit of $15,000 to the credit of the lessor, and, if at any time the lessor was unable to do that, the lessee could withhold rent in the amount deposited, or in such amount as the deposit was short. It was also agreed that, if at the end of the term there was no default, the deposit should be repaid to the lessee. Handle (with his lessor's approval) assigned the lease and his interest in the security deposited, to the use-plaintiff.[2]

The relation of Johnson and his tenant, in respect to the $15,000, was debtor and creditor and not trustee and cestui que trust. While, of course, money may be paid to a lessor as security, in circumstances and under terms which would establish a trust, the lease in this record did not so provide. The money was paid to Johnson as security, without limiting his use and control of it in such way as to create a trust. He was not

---

[2] After foreclosure of a mortgage, which antedated the lease, and in circumstances which need not be related, because not involved in the decision, the use-plaintiff remained as tenant under the mortgagee, who entered into possession.

required, at all events, to maintain the $15,000 deposit; he was to deposit the money without restriction or earmark, leaving him in position to use it as he chose. If he disbursed it for his own purposes, the parties agreed, he should not be guilty of conversion; lessee's only remedy was to withhold rent. The purpose of the provision requiring him to exhibit his saving fund book, seems, on the one hand, to have been to satisfy the lessee, before paying additional rent, that the lessor would be able to return the security, and, on the other hand, to preclude the lessee from claiming that the security had been dissipated and that he was therefore relieved of the obligation to pay rent when the deposit was restored. Cf. Levinson v. Shapiro, 263 N. Y. Supp. 585, 238 App. Div. 158. The controlling principle is that applied in In re Banner, 149 Fed. 936; Mendelson-Silverman v. Malco Trading Corp., 260 N. Y. Supp. 881, 238 App. Div. 852, affirmed 262 N. Y. 621; Jahmes & Co. v. Propper, 264 N. Y. Supp. 219, 238 App. Div. 326. The case is not ruled by United States v. Butterworth-Judson Co., 267 U. S. 387, where it was held a bank could not set off debts of a corporation against special deposits made by it of moneys advanced by the government, since there it appeared that the money was held subject to certain restrictions, creating an equitable lien in favor of the government, of which the bank was advised when the deposits were made.

Being a mere creditor of Johnson, the use-plaintiff has no standing to complain that the bank, another creditor, obtained payment out of this deposit before it was enabled to do so. The notice given the bank in 1932 did not operate to deprive it of the right to appropriate its debtor's deposit by way of set-off; to defeat the exercise of that right something more than notice was necessary; cf. Valiant Co. v. Pleasonton et al., 108 Pa. Superior Ct. 197, 164 A. 143.

Decree affirmed at appellant's costs.