## In re Victory Banking Trust Company

*Geo. H. Kaercher*, for accountant.

*W. C. Devitt*, for exceptant.

HICKS, P. J., February 25, 1935.—In the institution of proceedings to lay out a road, it became necessary for the petitioners to file a bond in the sum of $200 to cover legal costs. The Victory Banking Trust Company of Girardville, Pa., became surety thereon. The arrangement whereby this was accomplished was an agreement between it and Rev. Ignatius Valanciunas, one of the peti-

tioners, that the latter would deposit with the bank the sum of $200 to indemnify it against any liability which it might incur by reason of so becoming surety, and if the road was approved by the court, Rev. Valanciunas should be permitted to withdraw the money so deposited. In accordance with the said agreement, he deposited the said sum in a savings account in his name on April 22, 1931. The road was laid out in accordance with the petition. The deposit was not drawn out by the depositor but permitted to remain and interest was credited thereon on January 1, 1932, July 1, 1932, and January 1, 1933, in the total sum of $10.16. While this account was still in the bank, William D. Gordon, Secretary of Banking, took charge of its affairs as receiver, and in his first and partial account as such receiver, he listed the full amount of the deposit and interest, $210.16, under the heading, "Claims of first class savings & time deposits regular." This account has been assigned to W. C. Devitt, the exceptant. The foregoing is a recital of the facts agreed upon.

Exception was filed to this account by the exceptant on the ground that the said savings account is impressed with a trust and should be treated as a preferred claim and not as a claim of a depositor. The accountant's statement of the question involved is whether the exceptant is entitled to preference over other depositors merely because by agreement with the bank his deposit was subject to retention by the bank pending the performance of conditions of a bond upon which it had become surety.

We start out with the admitted proposition that the depositor had a deposit in his own name in the bank. He was not to withdraw it unless the contingent liability of the bank as surety on a bond, in which he was interested, was ended. This was after the bank went into the hands of the receiver if this fact in the exception is taken as true. As with all savings accounts in the bank, interest was credited thereon semi-annually by the bank. How, under such circumstances, the bank became the trustee of this

deposit is not understood by us. His control over the deposit was only restricted by the likelihood of the bank refusing to pay a check drawn thereon until its liability on the bond was ended. His savings account was of like nature as every other such account, subject to withdrawal under the terms of deposit, with the additional restriction that it could not be finally withdrawn until there was no likelihood of the bank being called upon to pay under the bond on which it was surety. The money was commingled with the general funds of the bank and its use thereof was beyond the control of the depositor and not restricted. The identical money was not to be returned. It was not given for safe-keeping.

There was no agreement that the particular fund should be used for a special purpose, or separated or individuated from the bank's general funds, nor was it earmarked in any way. Under these circumstances, the said deposit was simply a debt as any other deposit: Schwartz's Appeal, 291 Pa. 463, 468.

The case of The Mutual Accident Association of The Northwest v. Jacobs et al., 141 Ill. 261, 31 N. E. 414, 16 L. R. A. 516, is a case identical in facts. There money was left with a banker to indemnify him as surety on an appeal bond given by the depositor, which was mingled with other money and on which interest was allowed. In the cited case the court asked the question whether, under such circumstances, it could be held that the bank received the money as a special deposit, that the money became a trust fund, and was of such a character that the court was authorized to turn it over to the petitioner plaintiff. It held that the deposit, though evidenced by a certificate of deposit stating the object for which it was made, was a general, and not a special, deposit and was not impressed with a trust under the circumstances surrounding the transaction. See also 3 R. C. L. 518-519, sec. 147.

Although the case of Handle, to use, v. Real Estate-Land Title & Trust Co., 316 Pa. 116, is not a parallel case, the legal principles therein involved are applicable here.

In that case, the lessee of a theatre was required by the terms of a lease to deposit $15,000 in cash with the lessor as security for the payment of rent, with the right of the lessor, on default of the lessee, to apply the deposit to rent in arrears, and it was further agreed that the lessor should deposit the cash security to his credit in a separate savings fund account in a bank to be selected by him, to pay the lessee the interest received on it, and to exhibit to the lessee, when required, a saving fund book showing the deposit to the credit of the lessor, and, that if at any time the lessor was unable to do so, the lessee should withhold rent in the amount deposited, or in such amount as the deposit was short. The court held that the relationship created between the lessor and lessee, as to the deposit, was that of debtor and creditor and not trustee and cestui que trust.

The exception must be overruled.

And now, February 25, 1935, the exception of W. C. Devitt is hereby overruled.