In re Vincent F. PETRAGLIA, D.O., d/b/a Dr. Vincent F. Petraglia & Associates, Debtor.

INTEGRA BANK/PITTSBURGH, formerly Integra National Bank/Pittsburgh, Movant,

v.

Vincent F. PETRAGLIA, D.O., d/b/a Dr. Vincent F. Petraglia & Associates, Respondent.

Bankruptcy No. 93–21447–BM.
Motion No. 93–1009M.

United States Bankruptcy Court, W.D. Pennsylvania.

July 20, 1993.

Paul S. McGrath, Jr., Kincaid, McGrath & O'Keefe, P.C., Pittsburgh, PA, for movant/Integra.

Joseph E. Schmitt, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, PA, for respondent/debtor-in-possession.

Catherine L. Welsh, Kathleen D. Hendrickson, Kirkpatrick & Lockhart, Pittsburgh, PA, for South Side Hosp.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the court is a motion by Integra Bank/Pittsburgh ("Integra") requesting relief from the automatic stay. Integra argues that the stay should be lifted to permit them to exercise their common law right to set off against bank accounts of

Vincent F. Petraglia ("debtor") and Elizabeth Petraglia, his wife.

Debtor contends that Integra has no right to setoff because the account was subject to a prior garnishment. South Side Hospital, a secured creditor, concurs with debtor and also asserts that relief from stay is inappropriate, opining that the funds may be necessary to debtor-in-possession's reorganization.

The motion for relief from automatic stay will be denied. The garnishment action superseded or primed any right of Integra to offset the outstanding debt against the funds in debtor's account.

–I–

FACTS

On January 28, 1993, debtor borrowed $150,000.00 from Integra and executed a promissory note in favor of Integra.

The note obligated debtor to pay Integra $150,000.00 plus interest and costs at the rate of $2,500.00 per month. The scheduled maturity date of the note was February 1, 1998.

The note recited that the outstanding balance of the loan would become immediately due and payable in an "event of default". Listed among the "events of default" were insolvency, failure to pay any sum due on the note, and *any levy, attachment, or garnishment of debtor's property.*

Although the note was unsecured, its terms granted Integra the right to offset the debt owed it against property of debtor to the extent allowed under state law.

Debtor has maintained two (2) checking accounts at Integra since 1986. Pursuant to the deposit agreement, Integra has the right to apply funds in debtor's account to any obligation or debt due and owing to it to the extent permitted by state law. On February 5, 1993, debtor's Account No. 2650011192 had a balance of $25.00 and Account No. 0016112666 had a balance of $34,672.59.

Also on February 5, 1993, the Court of Common Pleas of Washington County, Pennsylvania issued a Writ of Execution to satisfy the judgment of Canonsburg Diversified Services, Inc. ("CDSI") against debtor. Among the property garnished was debtor's two aforementioned bank accounts at Integra.

Prior to the garnishment action, the note had not matured and debtor had not defaulted under any of the enumerated "events of default". To the contrary, debtor was in a current status with respect to its obligation to Integra.

Subsequent to (or perhaps contemporaneously with) the garnishment action, debtor defaulted on the debt and Integra put an "administrative freeze" on debtor's two accounts. Since the funds still remain in those accounts, CDSI has apparently not received funds from the account.

On April 23, 1993, debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, thereby staying any action by Integra against the funds in the two accounts. Integra is listed on Schedule F as an unsecured creditor owed $149,572.00 on the note.

–II–

ANALYSIS

Integra argues that Pennsylvania law entitles it to set off the funds in debtor's checking account against the amount due on the January 28th promissory note and that the automatic stay should also be lifted pursuant to §§ 553 and 362 of the Bankruptcy Code.

Section 553 of the Bankruptcy Code provides:

Except as otherwise provided in this section and in sections 352 and 363 of this title, this title does not affect the right of a creditor to offset a mutual debt that arose before the commencement of the case. . . .

11 U.S.C. § 553(a) (1988).

Section 362(d) of the Bankruptcy Code provides for relief from the automatic stay of the Code:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under

subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

■ Section 553 is meant to preserve a creditor's right to set off a matured debt in a bankruptcy context to the extent that it is permitted by state law. *U.S. v. Norton*, 717 F.2d 767 (3d Cir.1983). Pennsylvania state law is applicable in determining whether setoff is otherwise permitted. *Pittsburgh National Bank v. U.S.*, 657 F.2d 36 (3d Cir.1981).

Under Pennsylvania law, "a bank which has been garnished for a deposit belonging to a depositor may set off a **matured** obligation of the depositor". (Emphasis added.) *General Electric Credit Corporation v. Tarr*, 457 F.Supp. 935, 937 (W.D.Pa. 1978). The Pennsylvania Supreme Court, in the case of *Roig v. Tim*, 103 Pa. 115 (1883), articulated the following rule pertaining to a garnishee's right of setoff:

A valid setoff must be of a debt or demand due at the time of the [garnishment] action in which it is interposed. If the claim is not **ripe** for action it cannot be set off. (Emphasis added.)

*See Almi, Inc. v. Dick Corporation*, 31 Pa.Cmwlth. 26, 375 A.2d 1343 (1977).

There are however, important limitations on a bank's right to exercise setoff.

■ For instance, any right of setoff that a bank has in such situations is subject to and is subordinate to any prior lien on the property. In the case of *J.G. Valiant v. Pleasonton*, 108 Pa.Super. 197, 164 A. 143, *aff'd*, 311 Pa. 587, 167 A. 330 (1933), a bank was denied the right to set off funds in a debtor's bank account against a demand note because those funds already were subject to a prior garnishment. Since the bank had not appropriated the funds prior to the garnishment action, the bank's claim was subordinated to the claim of the garnishing creditor.

■ In the present case, the debt owed by debtor to Integra was not due prior to commencement of the garnishment action initiated by CDSI. Once the writ of garnishment was issued, CDSI stood in the legal position occupied by debtor with respect to the bank accounts. Integra had no right to setoff against the accounts **prior to** that moment. Accordingly, Integra had no right of setoff against the accounts garnished by CDSI. The garnishment primed Integra's right to setoff.

■ One additional matter remains to be addressed concerning the language in the promissory note pertaining to "events of default". The court feels obligated, in the interest of completeness, to address the matter even though it was not specifically discussed.

As has been noted, that provision of the note provided that any levy, attachment, or garnishment upon debtor's property constituted an "event of default" which gave rise to the bank's right of setoff.

The argument that Integra is entitled to exercise its right to setoff because default occurred *contemporaneously with* issuance of the writ of garnishment is without merit.

To begin with, even though the promissory note perhaps could be interpreted so that default occurred contemporaneously with issuance of the writ of garnishment, it nonetheless is true that the garnishment is, in the appropriate legal sense, "prior to" the default. The writ of garnishment triggered the default, even though the two events may have occurred simultaneously. Without issuance of the writ, default would not have occurred.

The language pertaining to default undoubtedly was drafted by Integra. Had it so elected, Integra could have drafted the provision to provide that a default arising from a garnishment "relates back" to an

instant prior to the garnishment. It did not, however, so draft the provision.

The result reached in this instance does not have as a consequence that the provision pertaining to default necessarily is a nullity in the event of garnishment. Had there been funds in the account to satisfy CDSI, Integra arguably might be entitled to exercise setoff against the remainder of the funds.

In its brief, Integra cites several Pennsylvania cases illustrating a bank's right to set off a matured claim prior to disbursement of funds to a creditors. All of these cases are factually distinguishable from the case *sub judice*. In all cases cited, when the right to offset was granted by the court, the debt owed to the garnishee bank had matured.

For example, in *Pittsburgh National Bank v. U.S.*, 498 F.Supp. 101 (W.D.Pa. 1980), *aff'd*, 657 F.2d 36 (3d Cir.1981), the court permitted the garnishee bank to offset a debtor's bank account despite a tax levy by the Internal Revenue Service. The set off was permitted because the debt which was the subject of the set off matured two (2) days prior to the IRS levy. Other cases cited by Integra held to a similar effect.

Additionally, thorough research by this court has disclosed no precedent in which a bank was permitted to set off a debt after the account was lawfully garnished by a third party. Integra has no legal right of setoff under Pennsylvania law under the present facts and circumstances.

Since Integra is without the right of setoff and since § 553 of the Code permits setoff only to the extent allowed by state law, Integra's motion under § 362(d) will be denied.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 20th day of July, 1993, in accordance with the accompanying Memorandum Opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that the motion for relief from automatic stay filed by Integra Bank/Pittsburgh be and is **DENIED.**